IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-48-1-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE RAY LUCAS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on its own accord to clarify the court's reasoning for denying the government's motion for upward departure and defendant's request for federal benefits by oral order at defendant's sentencing hearing on April 5, 2013.

Counsel for the government moved for upward departure pursuant to U.S.S.G. § 4A1.3(a) on April 4, 2013. In accordance with the court's sentencing scheduling order filed January 17, 2013, "[a]bsent extenuating circumstance, any motion . . . shall be filed not later than **seven days** before the sentencing hearing." Where the government at sentencing hearing offered no excuse for its tardy filing and its motion for upward departure advanced no new information gleaned since trial, the court had grounds summarily to deny. Furthermore, considering its merits, the court found insufficient basis for such departure in this case.

During the sentencing hearing the court also denied federal benefits to defendant pursuant

to 21 U.S.C. § 862.[1] Upon review of relevant cases and statutory history, the court clarifies that defendant's conviction on four counts of distribution of a quantity of cocaine base was his first "drug trafficker" conviction within the meaning of section 862(a). Defendant's criminal history, including possession with intent to distribute cocaine, contains "drug possessor" convictions within the meaning of section 862(b). See United States v. Silva-De Hoyos, 702 F.3d 843, 849 (5th Cir. 2012) ("[P]ossession with intent to distribute is not an 'offense consisting of the distribution of controlled substances' as that phrase is used in § 862(a)."); United States v. Jacobs, 579 F.3d 1198, 1200 (10th Cir. 2009) ("[T]he third element of intent to distribute is not the equivalent of distribution."); United States v. Williams, 541 F.3d 1087 (11th Cir. 2008) (per curiam) (finding that "possession of a controlled substance with intent to distribute is a possession offense under 21 U.S.C. § 862(b), as opposed to a trafficking offense under 21 U.S.C. § 862(a)").

Therefore, defendant's first "drug trafficker" conviction qualifies him for loss of Federal benefits for up to five years. See 21 U.S.C. § 862(a)(1)(A). At the sentencing hearing the court denied defendant's federal benefits, but did not specify the period of time for which such benefits would be denied. Upon considered review of the parties' arguments at the sentencing hearing, briefs submitted, and defendant's revised presentence investigation report, the court finds in its discretion that defendant shall be denied federal benefits for five years.

---

[1] "Federal benefit" is defined by statute as "the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." 21 U.S.C. § 862(d)(1)(A). However, Federal benefit "does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." 21 U.S.C. § 862(d)(1)(B).

2

Therefore, the court ORDERS that defendant's federal benefits, as defined in 21 U.S.C. § 862(d)(1), are denied for five years in the court's discretion pursuant to 21 U.S.C. § 862(a)(1)(A).

SO ORDERED, this the 17th day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge